UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN WYATT,

    Plaintiff,

v.                                                        CASE NO. 8:22-cv-1942-SDM-AAS

SHERIFF CHRIS NOCCO, *et. al.*,

    Defendants.
_____/

**ORDER**

    Wyatt's complaint (Doc. 1) under 42 U.S.C. § 1983 alleges that the defendants violated his First, Eighth, and Fourteenth Amendment rights while he was detained in the Pasco County Detention Center. The defendants move (Docs. 26 and 27) under Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint. Wyatt has not opposed the motions.

    Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must

be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* governs a Section 1983 prisoner complaint. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003), *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The allegations of fact and any reasonable inference must combine to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), explains that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." As *Iqbal*, 556 U.S. at 678–79, teaches, "plausibility" is greater than a mere "possibility" but less than a "probability."

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.
>
> [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "shown" — "that the pleader is entitled to relief."

However, a plaintiff must show " 'proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." *Rodriguez v. Sec'y, Dep't of Corr.*, 508 F.3d 611, 625 (11th Cir. 2007) (quoting *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986)).

Wyatt was a pre-trial detainee in the Pasco County Detention Center when he was served cornbread that was allegedly moldy and that sicken him for several days. The named defendants fit into two groups, specifically, food service (Trinity Services Group) and custody (Sheriff Chris Nocco, Major Jenkins, and Sergeant Marshello). Each group moves to dismiss under Rule 12(b)(6) and argues that the complaint is a "shotgun pleading."  In general terms, four types of "shotgun pleading" exist and each is condemned, as *Yeyille v. Miami Dade County Public Schools*, 643 F. App'x 882, 884 (11th Cir. 2016), explains:

> "Shotgun" pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements. We have repeatedly condemned shotgun pleadings. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-–3 nn.11–15 (11th Cir. 2015). There are four basic types of shotgun

> pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Wyatt's complaint fits into both the third and the fourth categories because Wyatt fails to assert specific counts and he fails to specifically identify which defendant is allegedly responsible for what constitutional violation.

To pursue a claim under Section 1983 a plaintiff must show that the defendant "knows of and disregards an excessive risk to inmate health or safety, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Proof that the defendant should have perceived the risk, but did not, is insufficient. *Farmer*, 511 U.S. at 838; *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) ("There is no liability for 'an official's failure to alleviate a significant risk that he should have perceived but did not . . . .'") (quoting *Farmer*, 511 U.S. at 838). Lastly, the official's conduct must be "more than gross negligence," *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010), and an allegation about an isolated occurrence is insufficient to state a claim for deliberate indifference. *West v. Tillman*, 496 F.3d 1321, 1329 (11th Cir. 2007) ("The deprivations that constitute widespread abuse sufficient to notify the supervising

- 4 -

official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."). A reasonable interpretation of the complaint is that the defendants committed the following violations of Wyatt's civil rights.

**Food Service:**

Wyatt alleges that Trinity Services Group serves the detainees their meals on dirty trays from a "cockroach infested kitchen" and that on one specific day, June 3, 2020, he was served moldy food that caused him to become sick. A single isolated incident of receiving spoiled food fails to allege conduct that is both widespread and more than gross negligence.

**Custody Defendants:**

Wyatt sues Sheriff Chris Nocco both as the supervisor of the officers he hires and as the person responsible for developing policies and procedures, including the training of the officers he hires. Wyatt cannot pursue an action under Section 1983 against a person only because that person is the supervisor of someone who might have wronged Wyatt. A claim against an employer based on an act by an employee asserts a claim under the principle of *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Wyatt identifies no specific policy, procedure, custom, or training that caused his receiving spoiled food. Because this was an isolated incident, serving of the spoiled food was not pursuant to a policy, procedure, or custom. Also, to properly allege a claim that Sheriff Nocco failed to

adequately train his deputies, Wyatt must identify what training was inadequate, how that specific training effected the underlying claimed civil rights deprivation, and how each individual was liable for providing that training. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 91 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. . . . Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."). In other words, Wyatt asserts no valid claim against Sheriff Nocco.

Wyatt alleges that Major Jenkins enforced the policies, procedures, and customs established by Sheriff Nocco. As discussed above, because this was an isolated incident, serving the spoiled food was not under a policy, procedure, or custom. Wyatt asserts no valid claim against Major Jenkins.

Wyatt alleges that Sergeant Marshello violated his rights by denying him the opportunity to file a grievance about the spoiled food. "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007).* *See also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005) (holding that a prison inmate grievance procedure is not constitutionally required and that a prison official's failure to take

---

\* "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

corrective action upon the prisoner's filing of a grievance amounts to no violation of due process), and *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Moreover, a prison official's failure to process a grievance is not actionable under Section 1983. *Thomas*, 237 F. App'x at 438 ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim."). Wyatt asserts no valid claim against Sergeant Marshello.

The motions to dismiss (Docs. 26 and 27) are **GRANTED**. The clerk must enter a judgment for the defendants and close this case.

ORDERED in Tampa, Florida, on August 11, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE